FILED

2010 Oct-28  PM 03:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **WILLIAM G. SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.:  4:09-CV-2191-VEH** |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of the Social Security** | ) |
| **Administration,** | ) |
| | ) |
| **Defendant.** | ) |

---

## <u>MEMORANDUM OPINION</u>[1]

Plaintiff William G. Smith ("Mr. Smith") brings this action pursuant to 42 U.S.C. § 1614(a)(3)(A) of the Social Security Act.  He seeks review of a final adverse decision of the Commissioner of the Social Security Administration (the

---

[1]   The undersigned has rendered several other comparable decisions which address the inadequacies of the respective ALJ's residual functional capacity ("RFC") determinations from which the framework, analysis, and disposition of this case persuasively flow.  *See, e.g., Mahaley v. Astrue*, No. 5:09-CV-0347-VEH, (Docs. 12, 13) (N.D. Ala. Feb. 18, 2010) (reversing and remanding under similar circumstances in which the court found that the ALJ's RFC finding was not supported by substantial evidence); *Glover v. Astrue*, No. 3:09-CV-0033-VEH, (Docs. 15, 16) (N.D. Ala. Mar. 4, 2010) (same); *Johnson v. Astrue*, No. 3:08-CV-1761-VEH, (Docs. 15, 16) (N.D. Ala. Mar. 12, 2010) (same); *Martin v. Astrue*, No. 5:09-CV-1029-VEH, (Docs. 11, 12) (N.D. Ala. Mar. 25, 2010) (same); *Shelton v. Astrue*, No. 5:09-CV-1253-VEH, (Docs. 8, 9) (N.D. Ala. Apr. 26, 2010) (same); *Smith v. Astrue*, No. 4:09-CV-1591-VEH (Docs. 20, 21) (N.D. Ala. Oct. 25, 2010) (same).

"Commissioner" or "Secretary"), who denied his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[2]   Mr. Smith timely pursued and exhausted his administrative remedies available before the Commissioner.  The case is ripe for review pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act.[3]

## FACTUAL AND PROCEDURAL HISTORY

Mr. Smith was a 43-year-old male at the time of his hearing before the administrative law judge (the "ALJ") held on May 4, 2009. (Tr. 42, 54).  The highest grade that Mr. Smith completed in school was the seventh.  (Tr. 58).   Mr. Smith's prior work experience includes employment as a textile worker, garbage hauler, natural gas service technician, roofer, natural gas delivery person, and delivery driver. (Tr. 57).  As testified to during his administrative hearing, Mr. Smith claims disability beginning on January 20, 2007, due to problems with his back, knee, obesity, and occasional severe diarrhea.  (Tr. 58, 59, 60-61).

---

[2]   In general, the legal standards applied are the same regardless of whether a claimant seeks DIB or SSI under the Social Security Act.  However, separate, parallel statutes and regulations exist for DIB and SSI claims.  Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates.  The same applies to citations of statutes or regulations found in quoted court decisions.

[3]   42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

Mr. Smith filed a Title II application for DIB and a Title XVI application for SSI on June 6, 2007. (Tr. 18). These claims were denied initially on August 7, 2007. (Tr. 18, 74-75). Mr. Smith timely filed a request for a hearing that was received by the Social Security Administration on September 13, 2007. (Tr. 18, 92). The hearing before the ALJ was conducted on May 4, 2009. (Tr. 18, 54). The ALJ concluded Mr. Smith was not disabled as defined by the Social Security Act and denied his DIB and SSI applications on June 18, 2009. (Tr. 18-27).

Mr. Smith filed a request for review on or about July 23, 2009. (Tr. 7). On August 27, 2000, the Appeals Council denied his request, which resulted in the final decision of the Commissioner being the ALJ's disability determination. (Tr. 1).

On October 28, 2009, Mr. Smith filed his complaint with this court asking for review of the ALJ's decision. (Doc. 1). Briefing related to this appeal consists of a brief (Doc. 10) filed by Mr. Smith on March 17, 2010, and a responsive brief (Doc. 12) filed by the Commissioner on April 9, 2010. This court has carefully considered the record, and for the reasons stated below, reverses the Commissioner's denial of benefits, and remands the case for further development and consideration.

## STANDARD OF REVIEW

The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal

standards were applied. *Richardson v. Perales,* 402 U.S. 389, 390 (1971); *McRoberts v. Bowen,* 841 F.2d 1077, 1080 (11th Cir. 1988); *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Id.*

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his entitlement for a period of disability, the claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[4] The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to

---

[4] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, as current through September 16, 2010.

disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

    (1)    whether the claimant is currently employed;
    (2)    whether the claimant has a severe impairment;
    (3)    whether the claimant's impairment meets or equals an impairment listed by the Secretary;
    (4)    whether the claimant can perform her past work; and
    (5)    whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th Cir. 1999); *accord, McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps one and two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord*, *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further

show that such work exists in the national economy in significant numbers. *Foote*, 67 F.3d at 1559.

## FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

The ALJ found Mr. Smith had tried to work since the onset date of his disability, *i.e.*, January 20, 2007, but that the attempt was unsuccessful. (Tr. 20 ¶ 1). Thus, the claimant satisfied step one of the five-step test. 20 C.F.R. § 404.1520(b).

Under step two, the ALJ concluded that "[t]he claimant has the following severe impairment[s]: degenerative disc disease of the lumbar spine; right knee internal derangement; bilateral carpal tunnel syndrome; and obesity[.]" (Tr. 20 ¶ 3). Accordingly, the ALJ concluded that Mr. Smith satisfied the second step of the sequential disability evaluative process. 20 C.F.R. § 404.1520(c).

At step three, the ALJ determined that Mr. Smith did not have an impairment or a group of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 20 ¶ 4). Mr. Smith does not challenge this determination on appeal.

The ALJ then evaluated Mr. Smith's RFC at step four, and the claimant was found to have the ability:

> [t]o perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with exceptions. The claimant can occasionally lift or carry and push or pull 20 pounds. The claimant can frequently lift or carry

and push or pull 10 pounds.  The claimant must be allowed the opportunity to alternate sit/stand position at 1-hour intervals; []he cannot climb ladders, ropes, or scaffolds; he must avoid concentrated exposure to pulmonary irritants such as fumes, odors, dusts and gases; he cannot be required to drive vehicles or operate equipment which would cause jarring; he must avoid concentrated exposure to vibrations; and he is limited to tasks that can be learned in 30 days or less involving no more than simple work-related decisions with few workplace changes.

(Tr. 21 ¶ 5).  Further, the ALJ found that the "claimant is unable to perform any past relevant work."  (Tr. 24 ¶ 6).

Because of the ALJ's finding that Mr. Smith had no past relevant work experience, it was necessary to continue to step five of the sequential analysis.  (Tr. 25-26).  Factoring in the Medical-Vocational Guidelines as a framework, and relying upon testimony from the vocational expert, the ALJ concluded that Mr. Smith was capable of performing a significant number of light jobs, considering his age, education, past work experience, and residual functional capacity.  (Tr. 26).  More specifically, the ALJ indicated that Mr. Smith could perform jobs such as a small products assembler, café attendant, egg packer, and gate tender.  (Tr. 26). Accordingly, the ALJ concluded Mr. Smith was not disabled as defined by the Social Security Act, and denied both his DIB and SSI claims.  (Tr. 26-27).

## **ANALYSIS**

This court is limited in its review of the Commissioner's decision in that the

Commissioner's findings of fact must be reviewed with deference.  *See Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (citing *Graham v. Bowen*, 790 F.2d 1572, 1574-75 (11th Cir. 1986)).   In contrast to factual findings, however, the Commissioner's conclusions of law are subject to an "exacting examination" or *de novo* review.  *See Martin*, 894 F.2d at 1529 (citing *Graham*, 790 F.2d at 1574-75); *Martin*, 894 F.2d at 1529 ("The Secretary's failure to apply the correct legal standards or to provide the reviewing court with sufficient basis for a determination that proper legal principles have been followed mandates reversal.") (citations omitted).   In particular, this court has a "responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding."  *See Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (emphasis added) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[5]

In this appeal, Mr. Smith raises several different issues.  (*See generally* Doc. 10).  One of Mr. Smith's challenges relates to the ALJ's rejection of the opinions of Mr. Smith's treating physician, Dr. Ata, who opined that Mr. Smith was unable to work.  (Doc. 10 at 6-7; *id.* at 7 ("[T]he ALJ must still properly articulate the reasons for discounting the opinion of a treating physician."); *see also* Tr. 23 ("Dr. Ata

---

[5]   In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

concluded that because of the claimant's osteoarthritis it would be difficult for the patient to retain gainful employment (Exhibit 22F)."); Tr. 23 (assigning little weight to opinion on basis that it "essentially addresses disability, an issue ultimately reserved to the Commissioner")).   The court turns to the lack of any underlying medical opinion by a physician in support of the ALJ's RFC determination that Mr. Smith is capable of performing light work with additional restrictions, and agrees with Mr. Smith that, under the circumstances of his case, the ALJ committed reversible error.[6]

## I.   IN THE ABSENCE OF A SUPPORTING MEDICAL SOURCE STATEMENT OR A PHYSICAL CAPACITIES EVALUATION BY A PHYSICIAN, THE ALJ'S RFC DETERMINATION THAT MR. SMITH CAN PERFORM A REDUCED RANGE OF LIGHT WORK IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE.

In support of his RFC determination, the ALJ explained:

In August 2007, a state agency physician prepared a Physical Functional Capacity Assessment.  This physician found the claimant was limited to medium exertional level.  However, after examining the entire record and observing the claimant first hand, I find the claimant limited to a light exertional level, as concluded herein.  The state agency physician opinion supports the residual functional capacity concluded herein (Exhibit 15F/11).

(Tr. 22 (emphasis added)).

---

[6]  As a result, the court does not reach the merits of the other issues presented on appeal.

The court has studied Exhibit 15F, which is expressly referenced by the ALJ in his decision, and fails to see how it provides substantial evidentiary support for his RFC determination.  Exhibit 15F (*see* Tr. 216-223) is a physical RFC completed by a non-physician disability examiner named Patti Hood ("Ms. Hood") on August 7, 2007.  (Tr. 223).  This document fails to substantially support the ALJ's decision for at least three reasons.

First, the physical RFC is deficient because it was not determined by a medical doctor, but rather it was authored by the state agency lay examiner, Ms. Hood, after conducting a paper review of Mr. Smith's records.  This is a particularly troubling problem in light of the fact that the ALJ incorrectly referred to Ms. Hood as a physician three times in his opinion.

Second, even if it were appropriate for the ALJ to rely upon a RFC prepared by a non-physician reviewer to support his RFC determination, the conditions considered by Ms. Hood are not consistent with the severe impairments that the ALJ concluded Mr. Smith had.  More specifically, listed as Mr. Smith's primary physical diagnosis on the physical RFC form is "DDD [*i.e.*, degenerative disc disease], lumbar spine" with a secondary diagnosis of "[i]nternal derangement, right knee" and an other alleged impairment of "obesity[.]" (Tr. 216).  However, absent from the document is any indication that Ms. Hood considered the functional impact of the

additional severe impairment of bilateral carpal tunnel syndrome, which the ALJ expressly found to be applicable to Mr. Smith.  (*Compare* Tr. 216 *with* Tr. 20).

Because the ALJ determined that bilateral carpal tunnel syndrome was one of Mr. Smith's severe physical impairments, the RFC prepared by Ms. Hood, which fails to identify this condition as even an alleged impairment, much less to clarify the degree to which, if any, it was factored into the overall physical functional assessment of Mr. Smith, cannot provide substantial evidence that Mr. Smith is capable of performing a reduced range of light work.

Third, nowhere in this non-physician generated physical RFC does the court find support for the multiple restrictions on the light work that the ALJ found to be appropriate for Mr. Smith, including working in "alternate sit/stand position at 1-hour intervals;" not "climb[ing] ladders, ropes, or scaffolds;" "avoid[ing] concentrated exposure to pulmonary irritants such as fumes, odors, dusts and gases;" not "driv[ing] vehicles or operat[ing] equipment which would cause jarring;" "avoid[ing] concentrated exposure to vibrations;" and "limit[ing] scope of work] to tasks that can be learned in 30 days or less involving no more than simple work-related decisions with few workplace changes in a temperature controlled environment with only occasional bending and stooping and no driving."  (Tr. 21 (emphasis added)). Especially puzzling to the court is the ALJ's conclusion to place mental restrictions

on Mr. Smith's ability to work when the record does not show that a mental functional capacity was ever performed on Mr. Smith. Therefore, for all these reasons, Exhibit 15F fails to provide substantial evidence in support of the ALJ's RFC determination that Mr. Smith is capable of performing light work with additional non-exertional and mental restrictions.

Moreover, none of the other exhibits cited by the ALJ in his decision addresses the deficiencies identified above. Instead, these records unhelpfully only report on several raw physical findings applicable to Mr. Smith. (*See, e.g.*, Tr. 360-382 (Exhibit 15F)). Further, nowhere within these records does a doctor, except for Dr. Ata, express an opinion about the impact of Mr. Smith's impairments in <u>vocational</u> terms or attach a physical (or mental) capacities evaluation of Mr. Smith. *See, e.g., Rohrberg v. Apfel*, 26 F. Supp. 2d 303, 311 (D. Mass. 1998) ("Where the 'medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate these diagnoses to specific residual functional capabilities such as those set out in 20 C.F.R. § 404.1567(a) . . . [the Commissioner may not] make that connection himself.'") (citation omitted).

Furthermore, the court has been unable to locate (and Defendant has not

pointed to (*see generally* Doc. 11)) a medical source opinion[7] or a physical capacities

evaluation conducted by a physician that substantiates that Mr. Smith is capable of

performing light work given his severe degenerative disc disease of the lumbar spine,

right knee internal derangement, bilateral carpal tunnel syndrome, and obesity

conditions or that delineates the non-exertional vocational restrictions placed on Mr.

Smith by the ALJ.  Such an omission from the record is significant to the substantial

evidence inquiry pertaining to the ALJ's RFC determination.  *See, e.g., Rohrberg*, 26

F. Supp. at 311 ("The ALJ failed to refer to-and this Court has not found-a proper,

medically determined RFC in the record.").  This lack of any physician-determined

RFC is even more critical here in light of the ALJ's decision to reject Dr. Ata's

conclusion about Mr. Smith's inability to work.

    As another district judge of this court aptly explained the RFC issue in the

context of an ALJ who comparably determined, without the benefit of a physical

capacities evaluation conducted by a physician, that the claimant was able to perform

her past relevant work:

        While the Record contains Ms. Rogers' [s] medical treatment

_____

    [7] "Medical source statements are 'medical opinions submitted by acceptable
medical sources, including treating sources and consultative examiners, about what
an individual can still do despite a severe impairment(s), in particular about an
individual's physical and mental abilities to perform work-related activities on a
sustained basis.'"  SSR 96-5p.

history, it lacks any physical capacities evaluation by a physician. The ALJ made his residual functional capacity evaluation without the benefit of such evaluation. An ALJ is allowed to make some judgments as to residual physical functional capacity where so little physical impairment is involved that the effect would be apparent to a lay person. *Manso-Pizarro v. Secretary of Health and Human Services*, 76 F.3d 15 (1st Cir. 1996). In most cases, including the case at bar, the alleged physical impairments are so broad, complex, and/or ongoing that a physician's evaluation is required. *Id.* In order to have developed a full, fair record as required under the law, the ALJ should have re-contacted Ms. Roger's [sic] physicians for physical capacities evaluations and/or sent her to physicians for examinations and physical capacities evaluations. Further, Ms. Rogers' [s] ability to lift and to manipulate objects must be thoroughly evaluated by at least one physician. These evaluations shall be obtained upon remand. Ms. Rogers' [s] residual functional capacity was not properly determined nor supported by substantial evidence in this case.

*Rogers v. Barnhart*, No. 3:06-CV-0153-JFG, (Doc. 13 at 5) (N.D. Ala. Oct. 16, 2006) (emphasis added); *see also Manso-Pizarro*, 76 F.3d at 17 ("With a few exceptions (not relevant here), an ALJ, as a lay person, is not qualified to interpret raw data in a medical record.") (emphasis added) (citations omitted); *Rohrberg*, 26 F. Supp. 2d at 311 ("An ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence.") (emphasis added) (citation omitted).

Comparable to *Rogers*, *Manso-Pizarro*, and other similar cases, a lay person such as an ALJ is not able to discern Mr. Smith's work-related exertional abilities and

appropriate non-exertional restrictions based upon the unfiltered information contained in his medical records.  Moreover, the lack of a medically-determined physical RFC is particularly critical here when, undisputably, Mr. Smith has no relevant past work experience upon which the ALJ's RFC determination of light work with additional restrictions might be substantially based.  As the undersigned has previously recognized in another fifth-step burden decision that similarly resulted in a remand for further development of the claimant's functional abilities:

> The Eleventh Circuit has held that the absence of a physician's opinion regarding a plaintiff's functional limitations does not morph into an opinion that the plaintiff can work. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).  "Such silence is equally susceptible to either inference, therefore, no inference should be taken." *Id.*

*Clemmons v. Barnhart*, No. 3:06-CV-1058-VEH, (Doc. 22 at 11) (N.D. Ala. June 11, 2007).

Therefore, in the absence of a medical source statement and/or any physical capacities evaluation conducted on Mr. Smith by a physician that substantiates his ability to perform light work with certain non-exertional restrictions given his severe impairments of degenerative disc disease of the lumbar spine, right knee internal derangement, bilateral carpal tunnel syndrome, and obesity, the record has not been adequately developed.  *See, e.g., Cowart v. Schweiker*, 662 F.2d 731, 732 (11th Cir. 1981) (citing *Thorne v. Califano*, 607 F.2d 218, 219 (8th Cir. 1979)); *see also*

15

*Sobolewski v. Apfel*, 985 F. Supp. 300, 314 (E.D.N.Y. 1997) ("The record's virtual absence of medical evidence pertinent to the issue of plaintiff's RFC reflects the Commissioner's failure to develop the record, despite his obligation to develop a complete medical history.") (citations omitted).

As a result, the ALJ's determination that Mr. Smith can perform light work with certain non-exertional restrictions is not supported by substantial evidence. Accordingly, the decision of the Commissioner is due to be reversed, and the case remanded for further proceedings consistent with this memorandum opinion.

## CONCLUSION

Based upon the court's evaluation of the evidence in the record and the submissions of the parties, the court finds that the Commissioner's final decision is not supported by substantial evidence. Accordingly, the decision of the Commissioner will be remanded by separate order.

**DONE** and **ORDERED** this the 28th day of October, 2010.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

16